# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ALONZO HILL,                              )     CASE NO.    1:17 CR 360
                                          )                 1:22-cv-01204
                                          )
    Defendant-Petitioner,             )     JUDGE DONALD C. NUGENT
                                          )
v.                                        )
                                          )
UNITED STATES OF AMERICA,                 )
                                          )     MEMORANDUM OPINION
                                          )     AND ORDER
    Plaintiff-Respondent.             )
                                          )

This matter comes before the Court upon Alonzo Hill's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence in accordance with Title 28 U.S.C. § 2255. (ECF #30). The petitioner raises two central grounds for relief: (1) that the United States Government perpetrated fraud upon the petitioner and the Court to obtain the Judgment and commitment order for Petitioner; and, (2) that Petitioner's Sixth Amendment rights were violated as he was not provided effective assistance of counsel. The government filed a Response in Opposition. (ECF # 33). This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition is DENIED. (ECF #30).

## Factual and Procedural History

On September 13, 2017, a federal grand jury returned an Indictment charging Hill with one count of Felon in Possession of a Firearm and ammunition in violation of 18 U.S.C. 922(g)(1); one count of Possession with Intent to Distribute Heroin and Carfentanil in violation of 21 U.S.C. 841(a)(1) and (b)(1)(c); one count of Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(c); and, one count of Possession of a

Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. 924(c)(1)(A)(i). (EFC
#1, Page ID 1-3).

On March 15, 2018, Hill plead guilty to all four counts of the indictment pursuant to a
written plea agreement read and signed in open court. (EFC #18, PageID 35). On June 19, 2018,
Hill was sentenced to 66 months on counts one, two and three, and 60 months on count four, to
run consecutively, for a total of 127 months. (EFC #27, PageID 110). Hill did not appeal.

### Legal Standards for Relief

According to the precedent set in *Hill v. United States,* Title 28, United States Code,
Section 2255, sets forth the four grounds upon which a federal prisoner may base a claim for
relief: "(1) 'that the sentence was imposed in violation of the Constitution or the laws of the
United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the
sentence was in excess of the maximum authorized by law;' or, (4) that the sentence 'is
otherwise subject to collateral attack.'" 368 U.S. 424, 426-27 (1962). Petitioners must prove by a
preponderance of the evidence that their constitutional rights were denied or infringed. *United
States v. Brown*, 957 F.2d 679, 690 (6th Cir. 2020). Section 2255 motions do not reach alleged
errors that are not of a constitutional or jurisdictional magnitude and that could have been
reached by a direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1976).

For Mr. Hill to prevail on an ineffective assistance of counsel claim, he must show that
his counsel's performance was deficient, and that the deficient performance prejudiced his result.
*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient when it
falls below an objective standard of reasonableness, and the errors are so serious that he or she
was not functioning as the "counsel" guaranteed by the 6th Amendment. *Id.* at 686-88. To

establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## Analysis

Mr. Hill alleges: (1) that the government perpetrated fraud upon him and the Court to obtain the Judgment and commitment Order for him; and, (2) that he received ineffective assistance of counsel throughout this ongoing process. (ECF #30, PageID 125-35). The two grounds for relief are addressed below.

### I.      Alleged Perpetration of Fraud by the United States Government Claim

For his first ground, Mr. Hill alleges that:

> [F]rom September 13, 2017, through June 19, 2018, in the Northern District of Ohio, the Government, through its attorneys – in excess power and without standing – knowingly and willfully executed a scheme to defraud the United States District Court to Obtain [sic] Arrest warrant, Judgment of conviction, and commitment order for petitioner, by means of materially false and fraudulent pretense and representation…

(EFC #30, PageID 126). "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. CONST. amend. V. Rule 7 of the Federal Rules of Criminal Procedure gives effect to this by requiring a grand jury indictment if an offense is punishable by death or by imprisonment for more than one year. Fed. R. Crim. P. 7(a-b). "The proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). The secrecy

of the grand jury is safeguarded by "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not altering the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated." *Id.* at 219.

Mr. Hill's petition fails to provide any support for his fraud allegations against the Government. As the Government's Response correctly points out, the Petitioner has failed to present any evidence that the Government forged the indictment to look as if it came from a grand jury. (EFC #33, PageID 153). The burden is on Mr. Hill to prove by a preponderance of the evidence that he was denied his right to a grand jury indictment. However, even if the Petitioner met this burden, his allegation would still fail for two reasons. First, he was past the one-year period of limitation required under AEDPA, which requires defendants to file a Section 2255 claim within one year of the finalization of the conviction. 28 U.S.C. § 2255(f). Second, Mr. Hill signed into a plea agreement which specifically stated that he expressly and voluntarily waived his right to challenge his conviction or sentence collaterally though post-conviction proceedings, which includes a proceeding under a § 2255 motion. Thus, the first ground in Mr. Hill's motion is denied.

## II.      Ineffective Assistance of Counsel Claim

Mr. Hill alleges that he was not provided effective assistance of counsel. In his petition Mr. Hill claims that no grand jury indicted him, and because of that, his attorney was ineffective by not objecting to the proceedings as unconstitutional. (EFC #30, PageID 132-33). For the Petitioner to prevail on an ineffective assistance of counsel claim, they must show that their counsel's performance was deficient, and that the deficient performance prejudiced them to the extent that the proceedings were unfair, and the result was unreliable. *Strickland v. Washington,*

466 U.S. 668, 687 (1984).  This requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.*  Judicial scrutiny of counsel's performance must be "highly deferential," as defense counsel's competence is presumed. *Id.*; *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  Petitioner must rebut this presumption by proving, not simply alleging, that his attorneys' representation was unreasonable under prevailing norms and that the challenged actions were not sound strategy. *Kimmelman*, 477 U.S. at 347. Counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment. *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993).

As discussed above, Mr. Hill's claim regarding the grand jury indictment is unsubstantiated. Because his first claim is unsubstantiated, his claim for ineffective assistance of counsel for failing to object to the proceedings as unconstitutional is therefore unsubstantiated as well. The burden is on Mr. Hill to prove by a preponderance of the evidence that he was denied his right to a grand jury indictment, and he failed to do so in his petition. Further, the Petitioner fails to show that his counsel made errors "so serious that he or she was not functioning as "counsel" guaranteed by the Sixth Amendment" required under *Strickland*, as there is no evidence that would support such a claim challenging the grand jury indictment. Counsel is not required to raise meritless claims to avoid a claim of ineffective assistance of counsel. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).  Had Mr. Hill proved the first claim of alleged fraud against him by the United States Government his petition still fails under the one-year period limitation required under AEDPA. Thus, the second ground of Mr. Hill's petition lacks merit, and Mr. Hill's motion is denied.

## **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to

issue a certificate of appealability. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**Conclusion**

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence in Accordance with Title 28 U.S.C. § 2255 (ECF #30) is DENIED without an evidentiary hearing, as the § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief. This Court finds that Petitioner's failed to support his claims and that no relief is warranted.

IT IS SO ORDERED.

DONALD C. NUGENT
Senior United States District Judge

DATED: October 4, 2022