UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO HILL, | ) | CASE NO. 1:17-CR-360 |
| Defendant-Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Alonzo Hill's ("Mr. Hill's") amended pro se Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #36: Case No. 1:17-CR-360). The Government filed a Response in Opposition to Petitioner's Motion. (ECF #41). Mr. Hill did not file a timely reply. This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition is DENIED. (ECF #36). The government does not object to Mr. Hill's amendment of his original § 2255 motion to vacate, but they oppose his motion to alter or amend the order denying his original motion to vacate.

**Factual and Procedural History**

On September 13, 2017, a federal grand jury returned an Indictment charging Mr. Hill with one count of Felon in Possession of a Firearm and ammunition in violation of 18 U.S.C. 922(g)(1); one count of Possession with Intent to Distribute Heroin and Carfentanil in violation of 21 U.S.C. 841(a)(1) and (b)(1)(c); one count of Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(c); and, one count of Possession of a

1

Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. 924(c)(l)(A)(i). (ECF #1, Page ID 1-3).

On March 15, 2018, Mr. Hill plead guilty to all four counts of the indictment pursuant to a written plea agreement which was read and signed in open court. (ECF #18, PageID 35). On June 19, 2018, Mr. Hill was sentenced to a total of 127 months. (ECF #27, PageID 110). Mr. Hill did not appeal.

Mr. Hill originally filed his § 2255 motion in July 2022, claiming (1) the U.S. government perpetrated fraud upon the Petitioner and the Court to obtain Petitioner's conviction; (2) ineffective assistance of counsel for failing to object to the alleged fraudulent proceedings. (ECF #30, PageID 125-134). On October 4, 2022, this Court denied Mr. Hill's motion. (ECF #34, PageID 158-64). Mr. Hill then filed this second petition for relief under § 2255, (ECF #36), which this Court transferred to the Sixth Circuit Court of Appeals for an authorization determination pursuant to *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). (ECF #38, PageID 204-05). On May 5, 2023, the Sixth Circuit denied the motion for authorization to file a successive § 2255 motion as unnecessary, and remanded it back to this Court for further proceedings. (ECF #39, PageID 206-08). The Sixth Circuit instructed this Court to treat this motion by Mr. Hill as a motion to amend the original § 2255 motion to vacate, and as a motion to alter or amend the judgment under Rule 59(e). (*Id.* at 207).

## Legal Standards for Relief

Title 28, United States Code, Section 2255, sets forth the four grounds upon which a federal prisoner may base a claim for relief: "(1) that the sentence was imposed in violation of the Constitution or the laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or,

(4) that the sentence is otherwise subject to collateral attack." *Id*. Petitioners must prove by a preponderance of the evidence that their constitutional rights were denied or infringed. *United States v. Brown*, 957 F.2d 679,690 (6th Cir. 2020). Section 2255 motions do not reach alleged errors that are not of a constitutional or jurisdictional magnitude and that could have been reached by a direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1976).

For Mr. Hill to prevail on an ineffective assistance of counsel claim, he must show that his counsel's performance was deficient, and that the deficient performance prejudiced his result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient when it falls below an objective standard of reasonableness, and the errors are so serious that he or she was not functioning as the "counsel" guaranteed by the 6th Amendment. *Id*. at 686-88. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## Analysis

In his amended motion, Mr. Hill raises three grounds for relief: (1) the U.S. government perpetrated fraud upon the Petitioner and the Court to obtain Petitioner's conviction; (2) ineffective assistance of counsel; and (3) lack of subject-matter jurisdiction. (ECF #36, PageID 169, 175, 181). The three grounds for relief are addressed below.

I.      Reconsideration of Mr. Hill's First Two Claims is Not Warranted

In the first two claims of his amended § 2255 motion, Mr. Hill does not present any arguments that were not already addressed in the prior opinion. (ECF #36, #34). As noted in the prior Order, Mr. Hill's first ground alleging fraudulent proceedings is barred by his plea agreement. Further, Mr. Hill's allegations of fraud are merely conclusory, having no evidence or support of any kind. (ECF #34, PageID 161). Finally, contrary to his allegations, an indictment was filed against Mr. Hill on September 13, 2017. (ECF #1).

Mr. Hill again presents no new arguments on his second claim for ineffective assistance of counsel. (ECF #36). As stated in this Court's prior opinion, Mr. Hill's counsel was not deficient for failing to challenge the indictment because Mr. Hill was properly indicted and there is no evidence or substantiation to the contrary. (ECF #34, PageID 162). His counsel's assistance could not be deficient for not raising unsubstantiated claims. (*Id.*)

Additionally, these claims are untimely since they were filed past the one-year period of limitation required under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires defendants to file a § 2255 claim within one year of the finalization of the conviction. 28 U.S.C. § 2255(f); *see also In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir.1997). The statute provides:

> (a) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially

> recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercises of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4). In criminal cases, a Defendant has fourteen days to file a notice of appeal with the District Court after the later of: (1) the entry of either the judgment or the order being appealed; or (2) the filing of the Government's notice of appeal. Fed. R. App. P. 4(b)(1). Mr. Hill's judgment was issued on June 20, 2018. (ECF #27). Mr. Hill had until July 4, 2018 to file an appeal, but he did not. The government did not appeal either, so the conviction became final on July 4, 2018. Mr. Hill then had until July 4, 2019 to file a § 2255 motion, however, his original motion came three years after that period was over. No governmental action prevented Mr. Hill from filing his motion, he does not assert any newly discovered right recognized by the Supreme Court, and he does not present any new "facts" that would trigger a fresh one-year period. 28 U.S.C. § 2255 (f)(2)-(4). Mr. Hill's amended motion is time-barred as well for the same reasons. Thus, Mr. Hill's first two grounds for relief were properly denied.

## II. Mr. Hill's Lack of Subject-Matter Jurisdiction Claim (Ground Three) Fails on the Merits Because the Court Had Original Jurisdiction

Mr. Hill introduces a new claim in his amended § 2255 motion, which alleges that this Court lacked subject matter jurisdiction over his case. Like the first two, this claim is barred for being untimely and because it was waived in the plea agreement. Even if it could be considered, Mr. Hill's third claim would fail on the merits.

In support of his third claim, Mr. Hill re-alleges that the grand jury indictment was a fraud, and because of that, he claims the Court never acquired subject matter jurisdiction over this case. (ECF #36, PageID 182-83). Federal district courts have original jurisdiction over "all

5

offenses against the laws of the United States." 18 U.S.C. § 3231. In order for Petitioner to successfully challenge the Court's subject matter jurisdiction, Mr. Hill "must establish that the face of the indictment failed to charge the elements of a federal offense." *United States v. Martin*, 526 F.3d 926, 934.

Mr. Hill has made no argument that the grand jury indictment did not charge the elements of a federal offense. On September 13, 2017, a federal grand jury returned an Indictment charging Mr. Hill with one count of Felon in Possession of a Firearm and ammunition in violation of 18 U.S.C. 922(g)(1); one count of Possession with Intent to Distribute Heroin and Carfentanil in violation of 21 U.S.C. 841(a)(1) and (b)(1)(c); one count of Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(c); and, one count of Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. 924(c)(l)(A)(i). (ECF #1, Page ID 1-3). This Indictment clearly charges Mr. Hill with elements of federal charges, therefore this Court had subject matter jurisdiction over Mr. Hill's charges. As previously discussed, Mr. Hill's claim that the Indictment proceedings were fraudulent have no support in fact or law. Thus, the third ground of Mr. Hill's petition lacks merit, and Mr. Hill's motion is denied.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>  (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Hill has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon

which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons set forth above, Mr. Hill's Motion to Vacate, Set Aside or Correct Sentence In Accordance With Title 28 U.S.C. § 2255 (ECF #36) is DENIED. Mr. Hill's request for a hearing on his petition is also DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

_____
Donald C. Nugent
United States District Judge

DATED: July 31, 2023